IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. MASON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| | ) | JURY DEMAND |
| SEVIER COUNTY, TENNESSEE, a | ) | |
| County and Governmental entity of the | ) | |
| State of Tennessee, | ) | |
| RONALD L. SEALS, | ) | |
| Sheriff of Sevier County, Tennessee in | ) | |
| his individual capacity, | ) | |
| KENT HATCHER, | ) | |
| Captain and Jail Supervisor, Sevier | ) | |
| County | ) | |
| Sheriff's Department in his individual | ) | |
| Capacity, | ) | |
| TAMMY·FINCHUM, | ) | |
| Jail Nurse Supervisor, Sevier County Jail | ) | |
| Medical Staff in her individual | ) | |
| capacity, | ) | |
| ROBERT M. MAUGHON, M.D., | ) | |
| Jail Doctor, Sevier County Jail Medical | ) | |
| Staff in his individual capacity, | ) | |
| FIRST MED, INC. a Tennessee | ) | |
| corporation, provider of health care | ) | |
| services for the Sevier County Jail, | ) | |
| JANE DOE(S) & JOHN DOE(S), as | ) | |
| Employees of FIRST MED, INC. | ) | |
| or Sevier County, Tennessee in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. Plaintiff brings this action for personal injuries and deprivation of civil rights under color of state law pursuant to 42 U.S.C. § 1983 and guaranteed under the Fourteenth Amendment to the United States Constitution. Plaintiff also sues under § 29-

1

20-101 *et seq.*, § 41-4-115 and the common law of the State of Tennessee. Jurisdiction over the constitutional claims are based upon 28 U.S.C. §§ 1331 and 1343 and the statutory and common law claims upon the supplemental jurisdiction of this court to hear claims arising under state law.

2. The Defendants sued in their individual capacities failed to provide Plaintiff with necessary medical treatment for an obvious and serious medical condition and/or provided grossly inadequate medical care, thus violating Plaintiff's rights as a pretrial detainee to be protected against deliberate indifference to his serious medical needs as guaranteed under the Fourteenth Amendment to the United States Constitution.

3. The constitutional violations and torts committed by the individual defendants against Plaintiff arise out of their duty to provide adequate medical care and not to be deliberately indifferent to Plaintiff's serious medical needs. The affirmative link or motivating force behind these acts and omissions of the individual defendants were the policies, customs and/or practices of the Defendant Sevier County.

4. The constitutional violations and torts committed by the Defendants against Plaintiff were the proximate cause of his injuries, costs and losses as alleged herein.

**Parties**

5. Plaintiff Robert A. Mason is a citizen and resident of Gatlinburg, Sevier County, Tennessee. At all times relevant herein Plaintiff was under the care, custody and control of the Defendants as a pretrial detainee incarcerated at the Sevier County Jail.

2

6. The Defendant, Sevier County, Tennessee, is a county and governmental entity of the State of Tennessee and service of process may be had upon County Mayor, Larry Waters, Sevier County Courthouse, 125 Court Avenue, Suite 201E, Sevierville, TN 37862. Sevier County is responsible for providing professional and healthcare services for the health and well being of the inmates of the Sevier County Jail. Sevier County is a "person" for purposes of liability under 42 U.S.C. § 1983. At all times material to this cause, the County was the employer of Defendants Seals and Hatcher.

7. The Defendant, Ronald L. Seals, was at all times material, the Sheriff of Sevier County, Tennessee. As Sheriff, Seals was responsible for the administration of the Sevier County Jail to provide professional and healthcare services for the health and well being of the inmates of the jail, and for the hiring, supervision, training, discipline and control of all persons working for or in the jail. Sheriff Seals maybe served at the Sevier County Sheriffs Office, 106 West Bruce St., Sevierville, Tennessee 37862. Ronald L. Seals is sued in his individual capacity.

10. The Defendant, Kent Hatcher, was at all times material, the Sevier County Jail Captain. As Captain, Hatcher was responsible for the administration of the Sevier County Jail to provide professional and healthcare services for the health and well being of the inmates of the jail, and for the hiring, supervision, training, discipline and control of all persons working for or in the jail. Hatcher may be served at the Sevier County Jail, 137 Commerce St., Sevierville, Tennessee 37862. Kent Hatcher is sued in his individual Capacity.

11. The Defendant, Tammy Finchum, was at all times material, the Jail Nurse Supervisor. As Jail Nurse Supervisor Finchum was responsible to provide professional and healthcare services for the health and well being of the inmates of the Sevier

3

County Jail and to supervise, train and advise nurses and other jail staff. Upon information and belief, Plaintiff avers that Finchum was an employee of First Med, Inc., under contract to provide medical services to inmates at the Sevier County Jail. Finchum may be served at the Sevier County Jail, 137 Commerce St., Sevierville, Tennessee 37862. Tammy Finchum is sued in her individual capacity.

12. The Defendant, Robert M. Maughon, M.D., is and was at all times material, the doctor for the Sevier County Jail. As Jail Doctor, Maughon was responsible to provide professional and healthcare services for the good health and well being of the inmates of the Sevier County Jail. Dr. Maughon is also responsible for the, training, supervision, discipline and control of the jail medical department, jail medical staff to ensure the good health and well being of the jail inmates. Dr. Maughon may be served at 1015 East Parkway, Gatlinburg, Tennessee 37738. Dr. Maughon is sued in his individual capacity.

13. The Defendant, First Med, Inc., was at all times material, under contract with Sevier County to be the medical provider for the jail. First Med was responsible to provide professional and healthcare services for the good health and well being of the inmates of the Sevier County Jail. First Med, Inc. may be served through its Registered Agent: Robert M. Maughon; M.D. at 1015 East Parkway, Gatlinburg, Tennessee 37738.

14. Defendant(s) Jane Doe(s), whose identity is (are) unknown at this time, were nurses responsible to provide professional and healthcare services for the health and well being of the inmates of the Sevier County Jail. Defendant(s) Jane Doe(s), may be served at the Sevier County Jail, 137 Commerce St., Sevierville, Tennessee 37862. Defendant(s) Jane Doe(s) are sued in their individual capacity. Defendant(s) Jane Doe(s)

will be sued under their true names (via an amended complaint) as soon as their identities have been confirmed.

15. Defendant(s) John Doe(s), whose identity is (are) unknown at this time, were correctional officers responsible for the care, custody, good health and well being of the inmates of the Sevier County Jail. Defendant(s) John Doe(s), may be served at the Sevier County Jail, 137 Commerce St., Sevierville, Tennessee 37862. Defendant(s) John Doe(s) are sued in their individual capacity. Defendant(s) John Doe(s) will be sued under their true names (via an amended complaint) as soon as their identities have been confirmed.

**Facts**

16. Plaintiff was arrested and incarcerated in the Sevier County Jail on September 6, 2011 to serve 45 days on a Driving on Revoked License. Mr. Mason was initially placed in the drunk tank room, where he stayed several days in a room with no bench. From there he was taken to the medical ward or the clinic within the jail.

17. Plaintiff told Defendants he was going to be very sick. At the time of his intake he was taking medication prescribed by Dr. Frank McNeal at Bearden Health Center for several years to treat chronic pain from back surgery. Said medication included oxycodone, Celexa 50 mg and Xanax.[1]

18. Plaintiff advised Defendants about his medications repeatedly during his three days in the drunk tank. The jailer advised him he was going to be very sick, he would be throwing up and defecating on himself, (although that was not the jailer's language.)

---

[1] "Xanax is a highly addictive medication, which can cause serious withdrawal symptoms like seizures and delirium is discontinued abruptly…Courts have found withdrawal symptoms to qualify as a serious medical need." *French v. Daviess County*, 376 Fed. Appx 519, 522 (6th Cir. Ky. 2010).

19. During the 5 or 6 days between his intake and being removed from the drunk tank, Plaintiff did not see the nurse within the jail. Plaintiff avers various inmates were asking the jail staff to help him, but he received none.

20. Plaintiff did get very sick and vomited frequently. He became too weak to get from the bed to the sink. He also had diarrhea. When Plaintiff did get to see the nurse, she saw him through the door. She told him to take Dilantin to prevent seizures and to drink lots of water. The nurse said she was going to cancel his prescriptions. The nurse asked him for the name of his doctor and pharmacy so she could have his prescriptions cancelled. Plaintiff advised the nurse he was allergic to Dilantin. Plaintiff vomited 15 to 20 times in 24 hours. Plaintiff passed blood in his stool. He advised the nurse of the same.

21. The jail staff took Mr. Mason to the nurse's office across the hall. Plaintiff told her his heart was beating very fast, he was sweating profusely, when he talked he wouldn't make sense, he had severe diarrhea and vomiting and at some point his eyes rolled back into his head. Plaintiff was placed by jail personnel back in the medical unit at the jail.

22. The next thing Plaintiff remembers thereafter is waking up in the hospital. He had been moved to the Le Conte Medical Center in Sevierville and then removed from there to Parkwest Hospital in west Knoxville. He was intubated at Parkwest.

23. The records from the jail indicate that on September 15, 2011 Mr. Mason suffered a severe seizure. His breathing was "labored". He had "soiled himself" and "it appeared he was beginning to choke." Mr. Mason was unresponsive. An ambulance was called and Plaintiff was emergently transported to Le Conte Medical Center.

24. While Plaintiff was in jail, he never actually saw a physician. At the hospital, Plaintiff was advised that he had suffered a seizure and that he aspirated the contents in his stomach, that he lost oxygen to his brain, and that a neurologist had been recommended for him.

25. Plaintiff avers that he suffered a seizure and sustained brain injuries as a proximate result of Defendants' acts of deliberate indifference including, *inter alia*, the sudden withdrawal of his medications without proper medical supervision and treatment by Defendants under circumstances constituting deliberate indifference to his serious medical needs .

26. The conduct of Defendant medical personnel was a gross deviation from the standard of care owed to Plaintiff for the treatment of his serious medical needs.

27. Since Plaintiff's release from the hospital his memory has deteriorated, he is having to relearn things, his speech is noticeably impacted with stammering. Before these events, Mr. Mason had never experienced seizures. Plaintiff also suffered from post-traumatic stress disorder as a result of Defendants' deliberate indifference to his serious medical needs while he was at the Sevier County Jail.

28. The affirmative link and/or motivating force that caused the individual Defendants to be deliberately indifferent to Plaintiff's serious medical needs were the policies, practices, procedures and/or customs of Sevier County, Tennessee, and the jail in failing to provide (or by failing to have an adequate protocol) a policy, practice, procedure and/or custom for detoxification and/or medication withdrawal for inmates with pre-existing medical conditions and to properly train and supervise jail staff and medical staff to provide for the special needs of such inmates.

29. Defendants Seals and Hatcher are liable for failure to train, supervise and discipline jail staff with respect to obtaining medical care for seriously ill inmates, including communicating to medical staff the conditions of the inmates.

30. Defendants First Med, Inc. and Dr. Maughon are liable for failure to train, supervise, and discipline medical staff with respect to providing medical care to inmates such as Plaintiff, with pre-existing medical conditions and detoxification and medication withdrawal.

### Count I
*Deliberate Indifference to Serious Medical Needs*

31. The allegations of Paragraphs 1 through 30 are incorporated by reference.

32. The Defendants acted with deliberate indifference to the serious medical needs of Plaintiff, which resulted in his sustaining serious injuries as a direct consequence of sudden and deliberate withdrawal of his prescribed medications in violation of and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiff's injuries flowed from the execution of unconstitutional policies, practices or customs regarding Plaintiff's medications.

33. Defendants owed a duty to Plaintiff to not act with deliberate indifference to his serious medical needs. Defendants acted with deliberate indifference:

   A. By consciously and deliberately depriving Plaintiff of his required prescription medicine;

   B. By consciously and deliberately forcing Plaintiff to undergo drug withdrawal without physician supervision or assessment;

   C. By consciously not giving Plaintiff his medications which led to abrupt drug withdrawal and left Plaintiff unstable, seriously ill and unable to protect himself.

8

D.  By the complete withdrawal of medications in a prisoner known to have a medical necessity for his prescribed medications.

E.  By unwarranted withdrawal of his medications and the subsequent failure to provide medically necessary and appropriate treatment for his withdrawal and symptoms, including nausea, vomiting, diarrhea and seizures.

F.  By purposely failing to respond to Mr. Mason's serious medical needs.

G.  By following a unconstitutional "no drugs" policy in the face of a known and conscious awareness of Plaintiff's Xanax dependence and usage of oxycodone and Celexa, the serious risks posed by abrupt withdrawal of these medicines;

H.  By unconstitutionally failing to have and/or apply a detoxification protocol involving substitute drugs to address withdrawal issues associated with Xanax.[2] And Plaintiff's other medicines.

## Count II.
*Failure to Provide Constitutionally Adequate Medical Care – Supervisory Liability*

34. The allegations of Paragraphs 1 through 33 are incorporated by reference.

35. Defendants Seals, Hatcher, Finchum, and Maughon acted with deliberate indifference to the serious medical needs of Plaintiff in violation of the Fourteenth Amendment to the United States Constitution.

36. Defendants owed a duty to Plaintiff to provide adequate, professional and health care services for his good health and well-being. These duties included but were

---

[2] *See French*, 376 Fed. Appx at 522.

9

Case 3:12-cv-00469-PLR-HBG   Document 1   Filed 09/05/12   Page 9 of 13   PageID #: 9

not limited to, the following:

 A. To adopt proper policies, rules and procedures for the providing of medical services for inmates at the Sevier County Jail;

 B. Ensuring compliance by all employees, agents and contract workers with the policies, rules and procedures for the providing of medical services for inmates of the Sevier County Jail; and

 C. To implement and monitor an adequate hiring and training program for all Corrections Officers, other employees and agents working in the Sevier County Jail.

37. Defendants acted or failed to act in accordance with their constitutional duties to Plaintiff as follows:

 A. Failed to follow their own policies, rules and procedures for the furnishing of medical services at the Sevier County Jail;

 B. Failed to adequately train jail personnel and historically have had a policy, custom and practice of failing to implement an adequate training program for jail personnel;

 C. Adopted, ratified and/or implemented policies, customs, practices and procedures which resulted in Plaintiff being denied professional and responsible health care; and

 D. Adopted, ratified and/or implemented policies, customs, practices and/or procedures, which denied Plaintiff medical treatment under circumstances of deliberate indifference.

38. The acts and omissions of other individual Defendants taken pursuant the policies, customs, practices and procedures as adopted, ratified and/or implemented by

these Defendants, impermissibly resulted in the denial of proper medical care and treatment for the inmates of the Sevier County Jail, such as Plaintiff, which amounted to deliberate indifference of his serious medical needs, in violation of the Fourteenth Amendment to the United States Constitution.

### Count III

39. Defendant Sevier County is liable for the adoption of the afore described policies, procedures and/or customs which were the affirmative link or motivating force behind the deliberate indifference of the individual jail staff Defendants to Plaintiff's serious medical needs.

### Count IV

40. Defendant First Med, Inc. is vicariously liable for the policies, practices, and/or customs which were the affirmative link or motivating force behind the deliberate indifference of the individual medical staff Defendants to Plaintiff's serious medical needs.

### Count V
*State Law Violations - Negligence Against Defendant Sevier County*

41. The allegations of Paragraphs 1 through 40 are incorporated by reference.

42. Defendant Sevier County by and through its agents and employees committed the following acts and/or omissions, which constitute negligence pursuant to T.C.A. § 29-20-205 and/or § 41-4-115 and which were the proximate cause of Plaintiff's injuries, damages, costs and losses by:

  A. Failing to adequately address the seriousness of Plaintiff's medical condition, when they knew or in the exercise of reasonable care, should have known, that he had a life-threatening condition;

B. Failing to have Plaintiff evaluated by a qualified medical professional who was experienced in diagnosing, evaluating and treating his medical condition;

C. Failing to have Plaintiff evaluated in a timely manner at the Jail by a qualified medical professional, when he was in need of immediate medical attention;

D. Failing to contact a qualified medical professional upon a worsening of Plaintiff's condition when he was in serious need of medical attention;

E. Failing to transport Plaintiff to a qualified medical facility within a reasonable time after his condition worsened, thereby delaying the initiation of emergency medical treatment;

F. Failing to investigate and communicate to necessary personnel the severity of Plaintiff's condition;

G. Failing to properly monitor Plaintiff's health and. physical condition;

H. Failing to properly examine and treat Plaintiff for his serious medical condition;

I. Failing to have in place adequate policies, rules and procedures to provide qualified medical care to Plaintiff at the Sevier County Jail;

J. Failing to adequately train and supervise their employees and agents with regard to the providing of adequate medical care to inmates of the Sevier County Jail;

K. Providing inappropriate and inadequate medical treatment to Plaintiff;

L. Failing to consult with and/or obtain instructions from a qualified medical professional;

M. Failing to follow established policies, rules and procedures to provide adequate, responsive and reasonable medical care for Plaintiff and;

N. Failing to properly dispense needed medications to Plaintiff.

**WHEREFORE premises considered**, Plaintiff prays for the following relief:

1. For a jury trial;
2. For compensatory damages for pain, suffering, loss of enjoyment of life, physical impairment, medical and hospital expenses, loss of earning capacity, mental distress and all other categories of damages allowed under Tennessee law;
3. For total compensatory damages of at least $3,000,000;
4. For punitive damages against all Defendants except Sevier County;
5. For reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988;
6. For costs; and
7. For such further and general relief to which they may be entitled.

RESPECTFULLY SUBMITTED: this 5th day of September, 2012.

    s/ *David Randolph Smith*
David Randolph Smith, TN BPR #011905
DAVID RANDOLPH SMITH & ASSOCIATES
1913 21st Avenue South
Nashville, Tennessee 37212
615-742-1775
drs@drslawfirm.com

Joseph Howell Johnston
TN BAR # 004706
2400 Crestmoor Road
Nashville, TN 37215
(615) 967-6363
(*Pro Hac Vice* to be submitted)

13