UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT A. MASON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-469 |
| | ) | (VARLAN/GUYTON) |
| SEVIER COUNTY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on several pending motions: Motion to Dismiss on Behalf of Defendant First Med, Inc. ("First Med") [Doc. 9], Motion to Dismiss on Behalf of Robert M. Maughon, M.D. ("Dr. Maughon") [Doc. 11], Motion to File an Amended Complaint [Doc. 20], Motion to Dismiss Amended Complaint on Behalf of Defendant First Med, Inc. [Doc. 23], Motion to Dismiss Amended Complaint on Behalf of Robert M. Maughon, M.D. [Doc. 25], and Plaintiff's Motion for an Extension of the Deadline to Respond to the Motions to Dismiss Filed by Defendants Robert Maughon and First Med, Inc. [Doc. 28]. The sequence of these filings is as follows: defendants First Med and Dr. Maughon filed motions to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded to those motions and also filed a motion for leave to file an amended complaint. First Med and Dr. Maughon responded in opposition to the motion to amend and, prior to any ruling on the motion to amend, filed motions to dismiss the proposed amended complaint. Plaintiff then sought an unopposed

extension of time to respond to the second set of motions to dismiss after a ruling on the motion to amend.

Plaintiff seeks to amend his complaint "to provide additional factual and legal support" for his claims. The proposed amended complaint "is more detailed, more carefully drafted and is not 'futile'" [Doc. 21]. Plaintiff also claims that the proposed amended complaint has been modified "to reflect only the causes of action for personal injuries and deprivation of civil rights pursuant to 42 U.S.C. § 1983 and guaranteed under the Fourteenth Amendment" [*Id.*].

First Med and Dr. Maughon oppose plaintiff's motion to amend on the basis that the proposed amended complaint is futile and fails to state a claim for which relief may be granted [Doc. 22]. The Court notes that the substantive arguments in support of the defendants' futility claim are the same arguments presented in support of their second set of motions to dismiss. However, because the second motions to dismiss were filed prematurely, plaintiff has not yet responded to the motions and they are not fully briefed and ripe for review. Additionally, plaintiff did not file a reply in support of the motion to amend to respond to the defendants' futility arguments.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot*

2

*Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

After carefully considering the present record, the Court is unable conclude that the proposed amended complaint [Doc. 20-1] is futile. The incomplete briefing on the second motions to dismiss precludes the Court's ability to fully review the merits of the defendants' arguments. Accordingly, the plaintiff's Motion to File an Amended Complaint [Doc. 20] is **GRANTED**, and the plaintiff is **DIRECTED** to file the proposed amended complaint [Doc. 20-1] within seven (7) days of the entry of this order. In light of the Court's ruling on the motion to amend, the first set of motions to dismiss, the Motion to Dismiss on Behalf of Defendant First Med, Inc. [Doc. 9] and the Motion to Dismiss on Behalf of Robert M. Maughon, M.D. [Doc. 11] are **DENIED as moot**. The Court further finds that the defendants' second motions to dismiss [Docs. 23, 25] were filed prematurely and are **DENIED without prejudice**. The motions may be re-filed, if appropriate, following the filing of plaintiff's amended complaint. In light of the Court's ruling on the motions to dismiss, the plaintiff's motion for extension of time to respond [Doc. 28] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:12-cv-00469-PLR-HBG   Document 37   Filed 08/06/13   Page 3 of 3   PageID #: 400