UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT A. MASON, )
 )
    *Plaintiff*, )
 ) No.: 3:12-cv-469 PLR-HBG
v. )
 )
SEVIER COUNTY, TENNESSEE, )
et al., )
    *Defendants*. )

## MEMORANDUM AND ORDER

This is a civil rights action pursuant to 42 U.S.C. § 1983. There are pending before the Court, in addition to other dispositive motions, motions to dismiss filed by defendants First Med, Inc. ("First Med") and Robert M. Maughon, M.D. (Dr. Maughon). For the following reasons, the motions to dismiss [Docs. 42 and 44, respectively] are **DENIED** as **MOOT**. In addition, plaintiff's motion for extension of time to conduct discovery with respect to the motions to dismiss [Doc. 50] is **DENIED** as **MOOT**.

Plaintiff alleges that he was denied medical care while being held in the Sevier County Jail. At the time, First Med had a contract with Sevier County, Tennessee, to provide health care to the inmates of the Sevier County Jail; Dr. Maughon is the president of First Med.

In the pending motions to dismiss, First Med and Dr. Maughon each aver several grounds for concluding that the complaint fails to state a claim against them. In support

of the motions to dismiss, First Med and Dr. Maughon attach copies of excerpts of plaintiff's jail medical records. The defendants note that, pursuant to *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), documents that a defendant attaches to a motion to dismiss can be considered part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim.

After filing the pending motions to dismiss, the defendants took the deposition of the plaintiff. First Med and Dr. Maughon then each filed a motion for summary judgment, which remain pending. [Docs. 77 and 75, respectively]. Each defendant attached to the motion for summary judgment the exhibits, including plaintiff's jail medical records, that were previously attached to the pending motions to dismiss as well as excerpts from plaintiff's deposition and the affidavit of Dr. Maughon. In their motions for summary judgment, First Med and Dr. Maughon reiterate the grounds raised in the pending motions to dismiss and they specify that they are now relying on plaintiff's deposition testimony to further argue the grounds raised in the pending motions to dismiss. Under the circumstances, the pending motions to dismiss filed by First Med and Dr. Maughon have been subsumed by their motions for summary judgment and the motions to dismiss are **DENIED** as **MOOT**. *See, e.g., Melanie Howard Music, Inc. v. Warner Brothers Records, Inc.*, 2009 WL 3784611 (M. D. Tenn. Nov. 10, 2009) (motion to dismiss is moot when arguments in the motion to dismiss "have been subsumed and expanded upon in the summary judgment briefing").

2

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**